No. 2024-1658

United States Court of Appeals
for the Federal Circuit

UNITED THERAPEUTICS CORPORATION,

*Plaintiff-Appellant*,

v.

LIQUIDIA TECHNOLOGIES, INC.,

*Defendant-Appellee*,

*Appeal from the United States District Court for the
District of Delaware, No. 20-755, Judge Richard Andrews*

**DEFENDANT-APPELLEE LIQUIDIA TECHNOLOGIES, INC.'S
OPPOSITION TO PLAINTIFF-APPELLANT'S
MOTION FOR JUDICIAL NOTICE**

SANYA SUKDUANG
JONATHAN R. DAVIES
BRITTANY CAZAKOFF
COOLEY LLP
1299 Pennsylvania Ave NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800

*Counsel for Defendant-Appellee
Liquidia Technologies, Inc.*

# CERTIFICATE OF INTEREST

Counsel for Appellee certifies the following:

1. **The full name of every party represented by me is:**

   Liquidia Technologies, Inc.

2. **The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:**

   None.

3. **All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party represented by me are:**

   Liquidia Corporation

   Caligan Partners LP

4. **The names of all law firms and the partners or associates that appeared for the party now represented by me in the trial court or are expected to appear in this court (and who have not or will not enter an appearance in this case) are:**

   COOLEY LLP: Sanya Sukduang, Jonathan Davies, Brittany Cazakoff

5. **The title and number of any case known to me to be pending in this or any other court or agency that will directly affect or be directly affected by this Court's decision in the pending appeal are:**

   *United Therapeutics Corporation v. Liquidia Technologies, Inc.*, Nos. 2022-2217, 2023-1021 (Fed. Cir.); originating from *United Therapeutics Corporation v. Liquidia Technologies, Inc.*, 1-20-cv-755 (D. Del.)

6. **Any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees):**

   None.

Dated: May 23, 2024                                    */s/ Sanya Sukduang*
                                                                          Sanya Sukduang

# TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | ARGUMENT | 1 |
| III. | CONCLUSION | 4 |

# TABLE OF AUTHORITIES

                                                                                     Page(s)

**CASES**

*Customedia Tech., LLC v. Dish Network Corp.*,
    No. 18-2239, Dkt. 95 (Fed. Cir. Mar. 6, 2020) ..................................... 2, 3

*Genentech, Inc. v. U.S. International Trade Commission*,
    122 F.3d 1409 (Fed. Cir. 1997) .................................................................. 3

*Kirshner v. Uniden Corp. of Am.*,
    842 F.2d 1074 (9th Cir. 1988) .................................................................... 2

*Standard Havens Prods., Inc. v. Gencor Indus., Inc.*,
    897 F.2d 511 (Fed. Cir. 1990) .................................................................... 3

*Technology Properties Ltd. v. Huawei Techs. Co.*,
    No. 18-1439, Dkt. 58 (Fed. Cir. June 1, 2018) ................................... 1, 2, 3

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
    759 F.3d 1307 (Fed. Cir. 2014) .............................................................. 3, 4

**RULES**

Fed. R. App. P. 10(a) ...................................................................................... 1

Fed. R. App. P. 10(e)(2) .................................................................................. 2

Fed. R. App. P. 10(e)(C) ................................................................................. 2

Fed. R. Evid. 201(b) ........................................................................................ 4

## I. INTRODUCTION

Despite the lengthy procedural history and numerous briefs filed before the district court, Plaintiff-Appellant United Therapeutics Corporation ("UTC") seeks to augment the record on appeal with four exhibits that are purportedly publicly available from the U.S. Patent and Trademark Office, but never before filed or relied on by UTC below. Because these four documents are plainly outside the record, were not considered by the district court, and as discussed herein, are unrelated to the patent-at-issue, these documents are not appropriate for consideration by the Court. Accordingly, Defendant-Appellee Liquidia Technologies, Inc. ("Liquidia") respectfully requests the Court deny UTC's Motion for Judicial Notice ("Motion").

## II. ARGUMENT

There is no dispute that the four documents in question are outside the appellate record and that prior to its Motion, UTC never presented them to the district court or made any arguments relying upon them. Consequently, they are not part of the record on appeal. *See* Fed. R. App. P. 10(a) ("The following items constitute the record on appeal: (1) the original papers and exhibits filed in the district court; (2) the transcript of proceedings, if any; and (3) a certified copy of the docket entries prepared by the district clerk."); *Technology Properties Ltd. v. Huawei Techs. Co.*, No. 18-1439, Dkt. 58 at 3 (Fed. Cir. June 1, 2018) (citing *Kirshner v. Uniden Corp.*

*of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988)); *Customedia Tech., LLC v. Dish Network Corp.*, No. 18-2239, Dkt. 95 at 3–4 (Fed. Cir. Mar. 6, 2020).

While UTC invokes Federal Rule of Appellate Procedure 10(e)(2)(C), UTC makes no attempt to explain why these four documents in question were omitted from the record "by error or accident[.]" Motion at 1; Fed. R. App. P. 10(e)(2). Over a five-month period, the parties filed a total of 11 briefs and supplemental authorities before the district court on the issue on appeal here and not one of them included the documents in question. And it is unclear why UTC failed to provide these documents to the district court, as none of the documents are newly issued and UTC's Motion implies that the documents could be found by searching the USPTO and PTAB databases. Motion at 1–3. What is clear is that UTC's failure to provide these documents to the district court was not in error or accident, but simply UTC's lack of diligence. This is not a basis to grant UTC's Motion. *See Technology Properties*, No. 18-1439, Dkt. 58 at 3 (declining to take judicial notice of portions of the file history of the patent in question because "the appellants could have filed these materials into the record.").

Rather than explain why UTC's omission was in error or accident, UTC argues the Court should take judicial notice simply because the documents are "public records" from the USPTO. Motion at 3. The fact that the four documents are publicly available is not, alone, a basis to take judicial notice. *See Technology*

*Properties*, No. 18-1439, Dkt. 58 at 2–3 (declining to take judicial notice of portions of a public prosecution file history); *Customedia Tech.,* No. 18-2239, Dkt. 95 at 3–4 (declining to take judicial notice of a public claim construction brief). And UTC's Motion provides no other basis as to why the four documents are relevant to the issue on appeal.

The cases UTC cites in support also do not warrant grant of the Motion. *See* Motion at 3–4. In *Standard Havens*, Gencor sought judicial notice of a reexamination office action involving the patent on appeal. *See Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 514 n.3 (Fed. Cir. 1990). Similarly, in *VirtualAgility*, U.S. Patent No. 8,095,413 was at issue on appeal and Salesforce requested the Court take judicial notice of VirtualAgility's motion to amend the claims of the same '413 patent during a CBM proceeding. *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1308, 1311–12 (Fed. Cir. 2014). And in *Genentech,* Genentech requested the Court take judicial notice of district court protective orders filed in the immediate case on appeal. *Genentech, Inc. v. U.S. International Trade Commission*, 122 F.3d 1409, 1417 (Fed. Cir. 1997). Thus, in each of the cases cited by UTC, judicial notice was taken with respect to documents that immediately pertained to the patent and/or litigation in question.[1] Here, the four

---

[1] *Barrette Outdoor Living, Inc. v. Fortress Iron, LP*, No. 24-1231, Dkt. 15 (Fed. Cir. Feb. 16, 2024) is inapplicable here because the parties filed a joint motion to

documents that are the subject of UTC's Motion are completely unrelated to the underlying patent, litigation, and decision on appeal—they are simply four random documents culled from the vast PTO database. For this additional reason, UTC's Motion should be denied.

Finally, UTC relies on the four documents to bring in facts from two sets of circumstances unrelated to the case at hand. Nonetheless, even if considered, the merits panel can only take judicial notice of the *fact* that certain documents were filed at the PTO, not the impact of those documents on the instant appeal. *See* Fed. R. Evid. 201(b); *VirtualAgility*, 759 F.3d at 1313.

## III. CONCLUSION

For the reasons presented herein, this Court should deny UTC's Motion.

Dated: May 23, 2024                     Respectfully submitted,

                                        */s/ Sanya Sukduang*
                                        Sanya Sukduang
                                        Jonathan R. Davies
                                        Brittany Cazakoff
                                        COOLEY LLP
                                        1299 Pennsylvania Ave., NW
                                        Suite 700
                                        Washington, DC 20004
                                        Telephone: (202) 842-7800

---

supplement the record and portions of the requested documents were relied on by the district court. *See Barrette Outdoor Living, Inc. v. Fortress Iron, LP*, No. 24-1231, Dkt. 11 at 1–2 (Fed. Cir. Jan. 17, 2024).

4

*Counsel for Defendant-Appellee Liquidia Technologies, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2024, the foregoing document was Filed using the Court's CM/ECF system, which will send notice of such filing to all registered CM/ECF users.

*/s/ Sanya Sukduang*
Sanya Sukduang
COOLEY LLP

# CERTIFICATE OF COMPLIANCE

The foregoing filing complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d) and 32(a) and has been prepared using a proportionally-spaced typeface and includes 905 words.

Dated: May 23, 2024

*/s/ Sanya Sukduang*
Sanya Sukduang
COOLEY LLP

*Counsel for Defendant-Appellee Liquidia Technologies, Inc.*